No. 22-4063

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jan 2, 2024
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff-Appellee, | ) |
| | ) |
| v. | )     O R D E R |
| | ) |
| JOSE DANIEL ZAZUETA-HERNANDEZ, aka Jesus Bojorquez, | ) ) ) |
| | ) |
|     Defendant-Appellant. | ) |

Before: SILER, THAPAR, and READLER, Circuit Judges.

Defendant Jose Daniel Zazueta-Hernandez appeals his judgment in a criminal case, following his guilty plea, for conspiracy to possess with intent to distribute methamphetamine and conspiracy to commit money laundering. The government moves to dismiss the appeal based on the appellate-waiver provision in Zazueta-Hernandez's plea agreement. Zazueta-Hernandez opposes dismissal, asserting that we should consider his issue on appeal—whether the district court clearly erred when it imposed a four-level increase for his aggravating role—notwithstanding the appellate-waiver provision.

A defendant may waive any right, including a constitutional right, in a plea agreement if the waiver is knowingly and voluntarily made. *United States v. Toth*, 668 F.3d 374, 377 (6th Cir. 2012). Nevertheless, a waiver does not bar an appeal that alleges ineffective assistance of counsel, raises a failure to comply with Federal Rule of Criminal Procedure 11, or contests the knowing and voluntary nature of the waiver. *See id.* at 377−78. Zazueta-Hernandez does not contend that

his plea was unknowing or involuntary, and a review of the transcript of his rearraignment establishes that the district court complied with Rule 11. He preserved his right to appeal only if his sentence exceeded the statutory maximum or he alleged ineffective assistance of counsel or prosecutorial misconduct. His 240-month sentence, however, is well below the 480-month statutory maximum, *see* 21 U.S.C. § 841(b)(1)(B), and his only issue on appeal—challenging his aggravating-role increase—falls within the scope of his waiver.

Relying on *United States v Coleman*, 652 F. App'x 442 (6th Cir. 2016), Zazueta-Hernandez contends that we should consider his issue on appeal because we have previously declined to enforce appeal waivers and considered a defendant's arguments on appeal. We have declined to enforce an appellate waiver when the defendant challenges the validity of his plea agreement and his substantive issues otherwise lack merit. *See id.* at 445. But we more typically consider a motion to dismiss on threshold procedural grounds, *see* 6 Cir. R. 27(d), and we routinely enforce appellate-waiver provisions without considering the merits of the issues on appeal when—like here—a defendant's plea is otherwise valid, *see United States v. Sharp*, 442 F.3d 946 (6th Cir. 2006).

Zazueta-Hernandez's contention could be more broadly construed as asserting that failure to consider his sentencing issue on appeal will result in a miscarriage of justice. We have never recognized this exception in a published decision, although we have implicitly recognized it in unpublished decisions. *See, e.g.*, *United States v. Lee*, 464 F. App'x 457, 458 (6th Cir. 2012) (per curiam); *United States v. Hower*, 442 F. App'x 213, 215 (6th Cir. 2011). Nonetheless, "an erroneous Guideline calculation is not a miscarriage of justice that will void an appellate waiver." *United States v. Riggins*, 677 F. App'x 268, 271 (6th Cir. 2017) (collecting cases). "Rather, these alleged errors—purported misapplications of the Guidelines—are the sort of errors envisioned by appeal waivers, and are of the sort that a defendant should have anticipated when he bargained away his appeal rights, not an extraordinary miscarriage of justice." *Id.* (cleaned up).

No. 22-4063
-3-

Accordingly, the motion to dismiss is **GRANTED**.

ENTERED BY ORDER OF THE COURT

*Kelly L. Stephens*
Kelly L. Stephens, Clerk